THE STATE, for use, etc., *v.* H. O. HOOD *et al.*

1. EXECUTION. *Justice. Certificate of clerk.* Where a justice's execution is sent from one county to another, under the Code, section 3073, the execution issued thereon by a justice of the latter county will be void, if the certificate of the clerk of the county court, which accompanies the first execution, is not in substantial compliance with the provisions of the statute; but if there is a substantial, although not a literal compliance, the new execution will be, at most, voidable only at the instance of the judgment debtor, and will render the officer to whose hands it may come liable for a failure to properly execute it.

2. SAME. *Same. Same.* A certificate does substantially comply with the statute, which in all respects properly states the official character of the justice issuing the execution, and also states that the person, naming him, who rendered the judgment, was an acting justice of the peace at the time of the rendition of the same, the context fairly implying that he was then justice of the county of which the certificate showed that the certifying officer was clerk.

FROM CARROLL.

Appeal from the Chancery Court at Huntingdon. JNO. SOMERS, Ch.

MCCALL & MCCALL and MURRAY & HAWKINS for complainant.

HAWKINS & MCKENZIE and HAWKINS & TOWNES for defendants.

The State, for use, etc., *v.* Hood.

COOPER, J., delivered the opinion of the court.

Bill filed against a constable and his sureties to hold them liable for the failure of the constable to make the money on an execution placed in his hands. The execution was issued by a justice of the peace of Carroll county, on an execution certified from Gibson county. The chancellor dismissed the bill upon the ground that the certificate was fatally defective, and the Referees recommend an affirmance of his decree. The complainant excepts.

The execution from Gibson county was issued by A. J. Little, upon a judgment recovered before J. H. Smith. The accompanying certificate is in the following words:

STATE OF TENNESSEE, GIBSON COUNTY.

I, M. C. Holmes, clerk of the county court, do hereby certify that A. J. Little, whose genuine signature is affixed to the within execution, was at the date of the same an acting justice of the peace for the county of Gibson, and that J. H. Smith, who rendered the judgment, was an acting justice of the peace at the time of the rendition of the same. Witness, M. C. Holmes, clerk, at office in the city of Trenton, Tennessee, March 24, 1881.                    M. C. HOLMES, *Clerk.*

The statute, in existence since 1805, requires that an execution from one county issued to another county on a justice's judgment, in order to sustain an execution in the latter county, shall be "accompanied by the certificate of the clerk of the county court of that county, that the justice by whom the judgment was rendered, and the execution issued, was at the time an acting justice of the peace of his county": Code, sec. 3073; new Code, sec. 3786. This court has uniformly held that the jurisdiction conferred upon the justice of the county to whom the execution is sent, being purely

statutory, the provisions of the statute must be substantially complied with to give validity to the new execution.    If there is no substantial compliance the process will be void.    If there is substantial compliance, the process, even if in some respects defective, will be voidable only, and not void.    And in the latter case, the officer, into whose hands the writ may come, will be liable for a failure properly to execute it:  *Stevenson* v. *McLean*, 5 Hum., 332;  *Eason* v. *Cummins*, 11 Hum., 210.    And the distinction between void and voidable process both upon the rights of parties, and the liability of officers, has been frequently recognized in our books:  *Harlan* v. *Harlan*, 14 Lea, 107, where authorities are cited.

The statute requires the clerk to certify "that the justice by whom the judgment was rendered and the execution issued was at the time an acting justice of the peace of his county."    And the construction put upon this language has been that it is matter of substance for the certificate to show both facts, that the justice who rendered the judgment was, at the time of the rendition, and that the justice who issued the execution was, at the time of the issuance, an acting justice of the peace.    And we have four decisions holding that an omission of the first of these averments is fatal, although in three certainly, and probably in all four of the cases, the certificate did properly state that the justice who issued the execution was an acting justice of the peace of the county at the time :  *Eason* v. *Cummins*, 11 Hum., 210;  *Apperson* v. *Smith*, 5 Sneed, 372;  *State, for use, etc.,* v. *Bettick,*

1 Baxt., 209; *Moore* v. *Lynch*, 4 Baxt., 289. The other rule, that, where there has been a substantial compliance with the provisions of the statute, other defects may render the process voidable only, is illustrated by the case of *Stevenson* v. *McLean*, 5 Hum., 332. There, the certificate stated, with substantial correctness, that the justice who rendered the judgment, and the justice who issued the execution were, at the respective times, justices of the peace of "my county," but failed to show of what county the certifying·officer was clerk. The new execution, although in other respects irregular and defective, was held to be only voidable, not void, and therefore sufficient to sustain a motion against the sheriff and his sureties for the sheriff's neglect of duty in executing the writ.

The certificate before us does not omit either of the statements deemed material under the statute. It is complete and accurate in so far as it relates to the justice issuing the execution, and adds "that J. H. Smith, who rendered the judgment, was an acting justice of the peace at the time of the rendition of the same." The omission claimed to be fatal is in not adding the words "for the county of Gibson," or "of my county." In all the cases which have been hitherto before the court, there was an entire omission of the corresponding clause, and the defect was necessarily fatal. In the present instance, the statement of the official character of the justice, and at the proper time, is made, but without expressly adding that he was then a justice of the particular county. And the real question is whether there has been such a substantial

The State, for use, etc., *v.* Hood.

compliance with the act as to render the new execution, if defective at all, merely irregular and voidable, not void.

The defect here is in omitting to state expressly that the justice, who rendered the judgment, was at the time the judgment was rendered a justice of the county. But that was precisely the defect of the certificate in *Stevenson* v. *McLean,* which, as the court held, made the execution voidable, and not void. For there the officer, by neglecting to state the county of which he was clerk, left it doubtful whether the justice who rendered the judgment was a justice of the county in which it was rendered. There is a just distinction between executions issued without authority, and executions issued under an authority erroneously pursued. And the tendency of modern decisions, our own inclusive, as shown in *Harlan* v. *Harlan, ut supra,* is to treat mere irregularities in process, of which the debtor alone would have any right to complain, as rendering the process voidable, not void. The certificate fairly implies what it does not say in so many words, that the justice was, at the rendition of the judgment, a justice of the county of the clerk. And the debtor, having acquiesced in the validity of the process, it is, so far as the officer acting under it is concerned, at most, voidable only.

The proof is clear that a sufficiency of the personal property levied on by the defendant, Hood, by virtue of the execution in this case, to have satisfied the complainant's debt, was allowed by him to be removed to Mississippi. There was a dereliction of duty

on his part in the management of the property levied on, and in the disposition of the proceeds of sale, such as to make him liable for the complainant's debt, and to constitute breaches of his official bond.

The Referees' report will be set aside, and the chancellor's decree reversed, and a decree rendered here in favor of the complainant, and against the defendants for the amount of the judgment, with interest and costs, and the entire costs of this case.